**Rajesh KUMAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–76188.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2008.

Filed June 10, 2008.

Ashwani K. Bhakhri, Joseph J. Siguenza, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Jamie M. Dowd, Ronald E. LeFevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT and THOMAS, Circuit Judges, and HOGAN,* District Judge.

* The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

## MEMORANDUM[**]

To the extent the court has jurisdiction to review the IJ's determination that Rajesh Kumar failed to present sufficient evidence to excuse his failure to timely file his asylum application, 8 U.S.C. § 1158(a)(2)(B), and (D), the IJ's determination is supported by substantial evidence. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.2007) (discussing jurisdiction to review determinations under Section 1158(a)(2)). In any event, the IJ's adverse credibility determination is supported by substantial evidence. The record contains a statement from Kumar's wife supporting the IJ's finding that Kumar's marriage is a sham. As noted by the IJ, Kumar testified to significant events material to his asylum application that are not corroborated in his application materials or in letters submitted by persons identified by Kumar as having participated in these events. Substantial evidence thus supports the IJ's finding that Kumar is ineligible for asylum. 8 U.S.C. § 1252(b)(4)(B). Kumar is necessarily ineligible for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Kumar's claim under the Convention Against Torture fails because a reasonable adjudicator would not be compelled to find that Kumar would more likely than not be tortured if removed. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED.**

---

[**] This disposition is not appropriate for publication and may not be cited except as provided by 9th Cir. R. 36–3.

